UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>v.<br><br>2. ISKENDER KAPLLANI, a/k/a<br>"ALEX," a/k/a/ "AL," a/k/a "KENO"<br><br>　　　　Defendant,<br><br>DANIELLA KAPLLANI COOPER,<br>　　　　Claimant. | Criminal No. 12-10052-RGS |

## FINAL ORDER OF FORFEITURE

**STEARNS, D.J.**

WHEREAS, on November 7, 2013, a federal grand jury sitting in the District of Massachusetts returned a one-count Third Superseding Indictment, charging Iskender Kapllani a/k/a "Alex" a/k/a "Al" /a/k/a "Keno," (the "Defendant"), and others, with Conspiracy to Distribute, and to Possess with Intent to Distribute, Cocaine, in violation of 21 U.S.C. § 846 (Count One);

WHEREAS, the Third Superseding Indictment also included a forfeiture allegation, pursuant to 21 U.S.C. § 853, which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Third Superseding Indictment, of any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such offense; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such violation;

WHEREAS, on December 6, 2012, the United States filed a Bill of Particulars for Forfeiture of Assets, providing notice of specific property that the United States intended to forfeit, pursuant to 21 U.S.C. § 853, as a result of violations of 21 U.S.C. § 846;

WHEREAS, the Bill of Particulars identified the following property as forfeitable:

    a.    $30,197 in United States currency, seized on or about June 11, 2012, in Dedham, Massachusetts (the "Currency");

WHEREAS, the Third Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on May 28, 2015, after an eight-day jury trial, a jury found the Defendant guilty of Count One of the Third Superseding Indictment;

WHEREAS, based on the evidence and testimony presented at trial and the Defendant's subsequent conviction, the United States has established the requisite nexus between the Currency and the offense to which the Defendant was convicted, and accordingly, on November 13, 2015, this Court issued the Preliminary Order of Forfeiture against the Currency;

WHEREAS, on November 16, 2015, a sentencing hearing was held whereby this Court sentenced the Defendant to 188 months incarceration, to be followed by a term of five years supervised release, and ordered the Defendant to pay a special assessment fee of $100;

WHEREAS, on January 19, 2016, this Court issued an Amended Preliminary Order of Forfeiture against the Currency, pursuant to 21 U.S.C. § 853, and Rule 32.2(b)(2) of the Federal

Rules of Criminal Procedure;

WHEREAS, notice of the Amended Preliminary Order of Forfeiture was sent to all interested parties and published on the government website www.forfeiture.gov for thirty (30) consecutive calendar days, beginning on May 22, 2016, and ending on June 20, 2016;

WHEREAS, on June 8, 2016, Daniella Kapllani Cooper (the "Claimant") filed a Petition to Adjudicate Interest in Property pursuant to 21 U.S.C. § 853(n);

WHEREAS, on August 8, 2017, the Parties executed a settlement agreement, agreeing that the Claimant forfeit $15,098.50 in United States currency, to the United States, and that the United States shall release $15,098.50 in United States currency to the Claimant, via her attorney John P. Gibbons, Esquire; and

WHEREAS, no other claims of interest in the Currency have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so has expired.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The United States' Joint Motion for a Final Order of Forfeiture is allowed.

2. The United States of America is now entitled to forfeit $15,098.50 in United States currency (the "Forfeited Currency"), pursuant to 21 U.S.C. § 853, and Rule 32.2(c) of the Federal Rules of Criminal Procedure and (2) shall release $15,098.50 in United States currency (the "Released Currency") to the Claimant, via her attorney, John P. Gibbons, Esquire.

3. This court shall retain jurisdiction in the case for the purpose of enforcing this Order.

4. All other parties having any right, title or interest in the Currency are hereby held in default.

5. The Released Currency shall be returned to the Claimant, via her attorney, John P.

Gibbons, Esquire, by the United States Marshals Service, pursuant to the provisions of the Settlement Agreement entered into between the Parties and applicable law.

6.  The United States Marshals Service is hereby authorized to dispose of the Forfeited Currency in accordance with applicable law.

_____
RICHARD G. STEARNS
United States District Judge

Dated: 8-10-17