UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 1:12-cr-10052-RGS |
| ) | |
| ISKENDER KAPLLANI, ) | |
|     Defendant ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR A REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2)**

On May 28, 2015, a jury found Defendant Iskender Kapllani guilty of Conspiracy to Distribute and Possess and to Possess with Intent to Distribute Five Kilograms or More of Cocaine, in violation of 21 U.S.C. § 846. In the final version of the Pre-Sentence Report, dated October 9, 2015 ("PSR"), the United States Probation Office concluded that Kapllani was responsible for between 15 kilograms and 50 kilograms of cocaine, which produced a base offense level of 32. PSR, at ¶ 61. Probation assessed a four-level increase to Kapllani's offense level by concluding that he was a leader or organizer of the criminal conspiracy, which produced a total offense level of 36. PSR, ¶ 64. With a criminal history category of I, Kapllani's guideline sentencing range ("GSR") was 188-235 months. PSR, ¶ 115. On November 13, 2015, this Court sentenced Kapllani to 188 months in prison. ECF No. 500.

In Part B, Subpart 1 to Amendment 821 to the United States Sentencing Guidelines, effective November 1, 2023, the United States Sentencing Commission added a new provision, § 4C1.1, which created a two-level offense reduction for certain offenders who (like Kapllani) had zero criminal history points. The new provision provides for the reduction so long as a defendant meets a list of criteria, including (10), which holds that

"the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848."

On January 24, 2024, Kapllani moved to reduce his sentence, arguing that he qualified for the two-level reduction, even though he received a role enhancement, because he was not convicted of engaging in a continuing criminal enterprise. ECF No. 669 at 4. Kapllani's reading of Amendment 821 is incorrect. As Kapllani himself properly noted in his motion, every court to have considered the question has held that a defendant is ineligible for the reduction if he received a role enhancement *or* engaged in a continuing criminal enterprise. *Id*. at 5. In fact, after Kapllani filed his motion, additional courts have concluded that the reduction provided for in Amendment 821 is not available to defendants who received role enhancements.[1]

---

[1] *See e.g., United States v. Diaz-Pellegaud*, No. 4:09-40029, 2024 WL 417104 at * 2 (D. S.D. Feb. 5, 2024) ( defendant with zero criminal history points ineligible for relief because of role increase); *United States v. Read-Forbes,* No. 12-20099-KHV, 2024 WL 382638 at *1-2 (D. Kansas Feb. 1, 2024) (defendant had zero criminal history points but not eligible for relief because of role enhancement); *United States v. Castaneda Mendez*, No. 20-20155-RAR, 2024 WL 216277, at *3 (S.D. FL. Jan. 18, 2024) (plain language and context of Section 4C1.1(a)(1) properly read to exclude any defendant who "*either* had aggravating role *or* engaged in continuing criminal enterprise") (emphasis in original); *United States v. Kwot*, No. 21-56(3) (PAM/ECW), 2024 WL 230079 (D. Minn. Jan. 22, 2024) (defendant excluded from relief under Amendment 821 in part because he received role enhancement); *United States v. Gordon*, No. 1:19-cr-00007-JAW, 2023 WL 8601494 (D. Me. Dec. 12, 2023) (rejecting argument that defendant can satisfy Section 4C1.1(a)(10) if he did not receive an aggravating role enhancement or he was not engaged in a continuing criminal enterprise); *United States v. Vladimirov*, No. 2:20-cr-00054, 2023 WL 8529076 (S.D. W. Va. Dec. 8, 2023) (same).

For these reasons, Kapllani's motion to reduce his sentence should be denied without a hearing.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By: /s/ Christopher Pohl
Christopher Pohl
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 12, 2024.

By: /s/ Christopher Pohl
Christopher Pohl
Assistant U.S. Attorney